**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4854-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY L. GOULD,

    Defendant-Appellant.

_____

> Submitted June 7, 2018 — Decided June 20, 2018
>
> Before Judges Simonelli and Gooden Brown.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Atlantic County, Indictment No.
> 00-08-1748.
>
> Anthony Gould, appellant pro se.
>
> Damon G. Tyner, Atlantic County Prosecutor,
> attorney for respondent (John J. Santoliquido,
> Assistant Prosecutor, of counsel and on the
> brief).

PER CURIAM

Defendant Anthony Gould appeals from the May 12, 2017 Law Division order, which denied his motion to vacate his conviction and sentence. We affirm.

Following a jury trial before Judge James E. Isman, defendant was convicted of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). Judge Isman imposed an aggregate sixty-five year term of imprisonment with a thirty-year period of parole ineligibility.

Defendant appealed his conviction and sentence. We affirmed, State v. Gould, No. A-4678-02 (App. Div. Apr. 11, 2005), and the Supreme Court denied certification, State v. Gould, 185 N.J. 38 (2005).

Defendant filed a motion for post-conviction relief. Judge Isman denied the motion, and defendant appealed. We affirmed, State v. Gould, No. A-5386-06 (App. Div. Apr. 14, 2009), and the Supreme Court denied certification, State v. Gould, 199 N.J. 543 (2009). Defendant then filed a petition for habeas corpus, which the United States District Court denied. In re Gould, No. 10-1399 (NLH) (D.N.J. Aug. 15, 2012).

At the time of defendant's trial, Judge Isman was a Tax Court Judge temporarily assigned by Chief Justice Deborah T. Poritz to

the Law Division, Criminal Part, pursuant to N.J.S.A. 2B:13-12. The statute provides that "[t]he Chief Justice may assign judges of the Tax Court to the Superior Court or to any other court as the need appears, and any judge so assigned shall exercise all of the powers of a judge of that court."  Ibid.

On April 10, 2017, defendant filed a motion to vacate his conviction and sentence pursuant to Rule 3:22-2(b) and Rule 3:10-2(e).  He argued, that Judge Isman lacked jurisdiction over the matter because he was not a Judge of the Superior Court.  The motion judge denied the motion, finding the judge had jurisdiction by virtue of the Supreme Court order assigning him to the Law Division, Criminal Part.

On appeal, defendant argues that N.J.S.A. 2B:13-12 is unconstitutional because N.J. Const. art. VI, § 7, ¶ 2 allows the Chief Justice to only "assign Judges of the Superior Court to the Division and Part of the Superior Court[,]" not Tax Court Judges. We disagree.

N.J. Const. art. VI, § 1, ¶ 1[1] establishes the Supreme Court and the Superior Court, leaving the creation of other courts to

---

[1]  N.J. Const. art. VI, § 1, ¶ 1 provides that "[t]he judicial power shall be vested in a Supreme Court, a Superior Court, and other courts of limited jurisdiction.  The other courts and their jurisdiction may from time to time be established, altered or abolished by law."

the Legislature. Under this constitutional authority, the Legislature established the Tax Court. See N.J.S.A. 2B:13-1 to -15. Under N.J.S.A. 2B:13-12, the Legislature authorized the Chief Justice to assign a Tax Court judge to the Superior Court: "The Chief Justice may assign judges of the Tax Court to the Superior Court or to any other court as the need appears, and any judge so assigned shall exercise all of the powers of a judge of that court."

Because N.J. Const. art. VI, § 1, ¶ 1 empowered the Legislature to create courts of limited jurisdiction in addition to the plenary jurisdictional Supreme and Superior Courts, the Legislature had the constitutional authority to establish the Tax Court. Because N.J. Const. art. VI, § 1, ¶ 1 empowers the Legislature to define the jurisdiction of those other courts, the Legislature had the constitutional authority to empower the Chief Justice to assign the judges of those courts to the Superior Court, with those judges having the same powers as a Judge of the Superior Court. Accordingly, because Chief Justice Poritz duly assigned Judge Isman to the Law Division, Criminal Part, by order of the Supreme Court, he had jurisdiction over defendant's case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4854-16T2